UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| JAMES LATTANZIO and <br> SANDRA LATTANZIO, <br>     Plaintiffs, <br> vs. <br> THOMAS ACKERMAN, ET AL., <br>     Defendants. | ) <br> ) <br> ) Civil Action No. 09-CV-13-JMH <br> ) <br> ) <br> ) <br> ) <br> ) **MEMORANDUM OPINION** <br> ) **AND ORDER** <br> ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Boyle County, Kentucky, has filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12. [R. 79] Plaintiffs James and Sandra Lattanzio have filed their Response in opposition [R. 82] to which Boyle County has filed its Reply. [R. 87] The motion is therefore ripe for decision.

**I.   Factual Background**

In their Complaint [R. 2], the Lattanzios allege that in August, 2008, a dispute arose between themselves and the lessor of a barn and pasture they had rented to conduct their equine business. At various times through the Fall of that year they sought assistance from certain officials of Boyle County, including County Attorney Richard Campbell; Sheriff LeeRoy Hardin; Judge County Executive Harold McKinny; and Dan Torcia of Boyle County Animal Control. The Lattanzios have alleged that each of these individuals either refused to assist them, stating that the dispute

was essentially a civil landlord-tenant dispute, or actively assisted the landlord by refusing to act until the disputed sums had been paid by the Lattanzios to the landlord. While each of these individuals was named as a defendant in the Complaint, the Court subsequently dismissed the claims against them without prejudice for the Plaintiffs' failure to serve them with process within the time permitted by Federal Rule of Civil Procedure 4(m). [R. 32]

The Complaint also names Boyle County, Kentucky as a defendant. The Complaint does not clearly articulate the basis for a claim directly against the county itself, but alleges that:

> Boyle County (run by McKinny) of the Commonwealth of Kentucky, as the employer and author or issuer of the powers and authorities to each public official defendants Campbell, Hardin, Torcia, and McKinny is contributory grossly negligent and thus the County of Boyle is also now liable for any damages plaintiffs have suffered.

[R. 2 at pg. 13] The Complaint does assert that the conduct of Boyle County officials and/or Boyle County as their employer is actionable under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") and the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983. [R. 2 at pgs. 10-11]

In its Motion to Dismiss [R. 79], Boyle County contends that, even giving the Lattanzios' *pro se* complaint a liberal construction, the allegations against it fail to state a claim under either the civil rights statute or RICO. As to the former, Boyle County contends that the Complaint fails to allege that the actions of the individually named county defendants were taken

pursuant to an established policy or custom as is required for liability to attach under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As to the latter, Boyle County asserts that as an artificial entity it lacks the capacity to possess the state of mind required to establish a civil RICO claim. In their Response [R. 82], the Lattanzios reiterate that they are proceeding *pro se*, and thus are entitled to a liberal construction of their pleadings. In its Reply [R. 87], Boyle County argues that, by addressing only the standard under which *pro se* pleadings must be construed, the Lattanzios made no substantive argument in favor of their claims, thus conceding that each of their claims lack an element essential to a viable cause of action.

**II. Discussion**

When reviewing a complaint to determine whether it must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well pleaded factual allegations as true. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (2009). Because the plaintiffs here are proceeding without the benefit of an attorney, the Court reads their Complaint to include all fairly and reasonably inferred claims. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* complaints remain subject to *Iqbal*'s requirement that "they plausibly suggest entitlement to relief." Cf. *Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010)

(applying *Iqbal* standard to prisoner's *pro se* civil rights claims under Section 1983); *see also Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. October 31, 2008) (declining to apply more lenient *pro se* standard than heightened pleading requirement of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to *pro se* copyright claim, noting Supreme Court's admonition that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires ... "); *Zibbell v. Michigan Dept. of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. February 23, 2009) (applying *Twombly* standard to *pro se* claims under the Americans with Disabilities Act).

With respect to the Lattanzios' civil rights claim against Boyle County, the Plaintiffs allege only that:

> ... as the employer and author or issuer of the powers and authorities to each public official defendants Campbell, Hardin, Torcia, and McKinny[, Boyle County] is contributory grossly negligent ...

[R. 2 at pg. 13] However, it has long been established that the mere existence of a master-servant or employer-employee relationship is not a basis for imposing liability through a theory of *respondeat superior*. *Abston v. Shelby County Justice Center*, 19 F. App'x 334, 335 (6th Cir. September 17, 2001) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-93 (1978)). The Supreme Court has explained:

> It is not enough for a § 1983 plaintiff merely to

> identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Therefore, to render a county government liable, the official must have been carrying out an identifiable policy or custom of the county, and such action must have been the proximate cause of the injury to the plaintiff. *Monell*, 436 U.S. at 693-94; *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). The Lattanzios have not alleged the existence of such a policy or custom, let alone identified its contours or established execution of that policy as the cause of their injuries. Absent such concrete allegations, they have failed to state a constitutional claim against Boyle County. *White v. County of Wayne*, 20 F. App'x 450, 451 (6th Cir. September 26, 2001) ("The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy."); *Miller v. Calhoun Co.*, 408 F.3d 803, 813 (6th Cir. 2005). The Lattanzios' civil rights claim against the county therefore fails as a matter of law, and must be dismissed.

With respect to the Lattanzios' civil RICO claim:

> A plaintiff suing under the civil RICO statute, 18 U.S.C. § 1964(c), must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The

> plaintiff must, of course, allege each of these elements to state a claim."

*Call v. Watts*, 1998 WL 165131, at *2 (6th Cir. April 2, 1998) (*quoting Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1985)). The Lattanzios' claim against Boyle County necessarily fails because "[c]ounties are not persons under RICO because they lack the capability to form the mens rea requisite to the commission of the predicate acts." *Id.* (*citing Smallwood v. Jefferson Co. Gov't*, 743 F.Supp. 502, 504 (W.D. Ky. 1990) and *Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991)). Even if Boyle County were a suable entity under the RICO statute, the Lattanzios' Complaint is devoid of specific factual allegations amounting to a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1) (defining racketeering activity as any act that is indictable under certain provisions of the federal code or under some state laws). Because Boyle County is not capable of possessing the state of mind required to establish a RICO claim, and because Plaintiffs have not alleged a pattern of racketeering activity, their civil RICO claims must be dismissed with prejudice.

Accordingly, **IT IS ORDERED** that:

1. Defendant Boyle County's motion to dismiss the Complaint against it [R. 79] is **GRANTED**, and the claims against it are **DISMISSED WITH PREJUDICE.**

2. The Court will enter an appropriate Judgment.

This the 20th day of April, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge